# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4165 | **DATE** | 9/30/2004 |
| **CASE TITLE** | Pamela Morris vs. Household Mortgage Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order. Household's motion to dismiss count IV is granted. (12-1) Plaintiff's request to voluntary dismiss Count II is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 17 |
| | Notified counsel by telephone. | OCT 01 2004 date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 9/30/2004 date mailed notice | |
| SN | courtroom deputy's initials | 2004 SEP 30 PM 2:18 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA MORRIS, et al.,                )
                                       )
                Plaintiffs,            )
                                       )
       v.                              )   No. 04 C 4165
                                       )
HOUSEHOLD MORTGAGE SERVICES, INC.,     )
et al.,                                )
                                       )
                Defendants.            )

DOCKETED
OCT 01 2004

MEMORANDUM ORDER

Remaining defendant Household Finance Corporation III ("Household," mistakenly sued in the name of a now-dissolved predecessor corporation, Household Mortgage Services, Inc.) has filed a motion to dismiss Counts II and IV of the Complaint brought against it by Pamela Morris ("Morris") and Lloyd Brooks ("Brooks"). Because the just-filed Morris-Brooks response to that motion has chosen to dismiss Count II, thus mooting Household's motion in that respect, this memorandum order will address only Count IV.

That count asserts a common-law claim that sounds in defamation. Although Household calls upon Section 624(b)(1)(F) of the Fair Credit Reporting Act ("Act"),[1] for their part Morris and Brooks respond by pointing to the more particularized

---

[1] This order follows the parties' lead in citing to the internal section numbering of the Act, rather than to the Title 15 numbering. If the latter form of citation were employed instead, the just-cited provision would be cited as "Section 1681t(b)(1)(F)."

provision of Section 610(e), which prohibits any consumer action "in the nature of defamation" but contains an express exception "as to false information furnished with malice or wilful intent to injure such consumer."

As between those competing contentions, this Court finds the Morris-Brooks position more persuasive, if for no other reason than the general principle of statutory construction under which a more particularized statutory provision prevails over a more general provision in the same statute that looks the other way. But with that said, the problem for Morris and Brooks here is that Count IV does not conform to the terms of the just-quoted exception to the Section 610(e) prohibition. Here is Count IV ¶37, its only allegation that speaks to the issue:

> Household's publication of the false information was
> intentional or done with a reckless disregard for the
> truth of the matter. Household knew or should have
> known that the erroneous information would be used by
> the credit bureaus in the calculation of certain credit
> scores and that the credit bureaus would disseminate
> the erroneous information to prospective lenders.

Simply put, an allegation that Household's publication of the assertedly false information "was intentional or done with a reckless disregard for the truth," and a further allegation as to what Household "knew or should have known," simply do not equate to assertions of Household's having furnished the information at issue "with malice or wilful intent to injure."

Accordingly Household's motion to dismiss Complaint Count IV

is granted. And as is always true with respect to any Fed. R. Civ. P. ("Rule") 12(b)(6) motion, if Morris and Brooks were to choose to reshape their allegations to conform to what the law requires, effectively changing the alleged facts to fit the law, they and their counsel would have to be heedful of the objective good faith that Rule 11(b) demands of every litigant and lawyer.[2]

                                              /s/ Milton I. Shadur
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: September 30, 2004

---

[2] In that respect, it will be interesting to see whether the House of Representatives' current effort to restore the fangs to Rule 11 by reinstating its provisions that antedated the 1993 amendment to that Rule (and, indeed, to add more fangs to the Rule) will prove successful.