Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4165 | **DATE** | 12/27/2004 |
| **CASE TITLE** | Pamela Morris vs. Household Mortgage | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Household's motion to dismiss is granted in part and denied in part. (22-1) Amended Complaint Count II and III are dismissed, albeit with leave to replead, although Amended Complaint IV does not now succumb in Rule 12(b)(6) terms.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | DEC 2 8 200 | | |
| | Notified counsel by telephone. | | date docketed | 27 | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 12/28/2004 | | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

Pamela Morris and Lloyd Brooks )
)
Plaintiffs, )
)
v. ) No. 04 C 4165
)
Household Mortgage Services, )
Inc., Fieldstone Mortgage Company, )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

This Court rarely addresses in writing any Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss a complaint -- most such motions are the product of a misapprehension of the generous standards set by the federal notice pleading regime (see, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)), while most of the remaining motions are not dispositive because they identify flaws that are curable via amended pleadings, and the few that are potentially final (because they involve the possible dismissal of both the complaint and the action itself) usually involve only a simple analysis to reach that conclusion. This action, as evidenced both by this Court's September 30, 2004 memorandum order ("Order") and by this opinion, provides an exception to that generalization.

After the Order had dealt with the challenges by Household Finance Corporation III ("Household") to the original Complaint brought against it and a co-defendant by Pamela Morris and Lloyd



Brooks ("Brooks"), plaintiffs' counsel (Brooks himself) filed an Amended Complaint ("AC") that (1) included two claims (in Counts II and III) that reasserted plaintiffs' common-law defamation claim (which had been advanced as Count IV of the original Complaint) and (2) added further claims, including as a new Count IV a common-law "Harassment" claim. Household, while answering certain other counts in the AC, has filed a Rule 12(b)(6) motion to dismiss new Counts II, III and IV, and that motion has now been fully briefed by the parties. For the reasons explained here, this Court grants the motion in part and denies it in part.

## Counts II and III

In the brief Order, this Court held that Count IV of the original Complaint did not survive Household's then-asserted Rule 12(b)(6) motion because it was preempted by Section 610(e) of the Fair Credit Reporting Act ("Act"), which generally bars consumer actions "in the nature of defamation" but contains an express exception "as to false information furnished with malice or wilful intent to injure such consumer." That exception is phrased in disjunctive terms: <u>either</u> "malice" <u>or</u> "wilful intent to injure such consumer" will suffice.

In this instance original Count IV ¶ 37 alleged:

> Household's publication of the false information was intentional or done with a reckless disregard for the truth of the matter. Household knew or should have known that the erroneous information would be used by the credit bureaus in the calculation of certain credit scores and that the credit bureaus would disseminate the erroneous information to

2

prospective lenders.

Those allegations reappear in AC's Count II ¶¶ 24 and 25 and Count III ¶¶ 30 and 31, in addition to which plaintiffs' effort to bring themselves within the statutory exception to the Act takes the form of adding these allegations to Count II ¶24 and Count III ¶ 30, respectively:

> Household published the false information regarding Plaintiffs with malice or willful intent to injure Plaintiffs.
>
> * * * *
>
> Household furnished the false information with malice or willful intent to injure Plaintiffs.

Although it does not seem that the allegations as to what "Household ... should have known" would qualify to support an assertion of "wilful intent to injure" so as to bring the AC within the Act's exception in those terms, this Court's further examination of Illinois law confirms that the AC's allegations of "intentional" conduct or "reckless disregard" satisfy the requirement that the assertedly false information must be "furnished with malice."[1] That is the thrust of <u>Babb v. Minder</u>, 806 F.2d 749, 754-56 (7th Cir. 1986), which found that the Illinois state courts had adopted the test to that effect

---

[1] It is of course true that the challenged allegations are conclusory in nature -- indeed they embody legal conclusions. But such conclusions are an integral part of the federal notice pleading regime (see App. ¶ 2 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) and cases cited there.)

3

articulated in New York Times Co. v. Sullivan, 376 U.S. 254, 280 (1964). And the opinion issued by this Court's colleague Honorable Rebecca Pallmeyer[2] in Dornhecker v. Ameritech Corp., 99 F.Supp.2d 918, 931-32 (N.D.Ill. 2000) has more recently reconfirmed that principle, although at the same time expressing doubt as to the ability of the plaintiff in that case to deliver as advertised with respect to a claim similar to that asserted by plaintiffs here.

Thus both Counts II and III have dodged the bullet of the Act's general prohibition of defamation claims as being preempted by the Act's private right of action.[3] But Household has two other strings to its dismissal bow that plaintiffs must deal with.

For one thing, despite the notice pleading approach that applies to federal lawsuits, plaintiffs have not satisfied the requirement of Illinois substantive law that they must specifically identify the words said to be defamatory and hence

---

[2]Plaintiffs' counsel (and co-plaintiff) Brooks inexplicably credits Judge Joan Gottschall with having authored the opinion referred to in the text.

[3]In that respect Household's R.Mem. 1-2 also points out quite correctly that plaintiffs' attempted reliance on Voyles v. Sandia Mortgage Corp., 311 Ill.App.3d 649, 724 N.E.2d 1276 (1st Dist. 2000) is misguided in light of the Illinois Supreme Court's reversal of that case at 196 Ill.2d 288, 751 N.E.2d 1126 (2001). But that reversal was on other grounds, so that at worst the Appellate Court's Voyles decision adds nothing to the undisturbed precedent provided by Babb.

4

actionable. On that score plaintiffs' Mem. [2][4] refers to AC ¶¶ 13 and 23, but it requires only a moment's reading of those paragraphs to see that they do not meet the standard of specificity as to the assertedly actionable words.

Secondly, Household challenges plaintiffs' asserted failure to provide sufficient allegations of special damages that stemmed from Household's publication of the assertedly defamatory statements. In that respect plaintiffs point to AC ¶¶ 14 and 33, which this Court will treat for the present as doing the job -- but plaintiffs are put on notice that they must provide more specificity in response to Household's discovery requests, failing which both of their defamation counts (assuming, that is, that plaintiffs first cure the flaw identified in the preceding paragraph) may nonetheless succumb.

In sum, AC Counts II and III are indeed dismissed. Plaintiffs are granted until January 10, 2005 to file in this Court's chambers (with a copy being contemporaneously transmitted to Household's counsel) a recasting of those counts in accordance with this opinion -- that is, if they can do so consistently with Rule 11(b).

---

[4]As a matter of minor annoyance, Brooks has failed to number the pages of the responsive Memorandum that he filed on plaintiffs' behalf. This Court has had to do so for him, and the bracketed numbers used in this opinion reflect that effort.

Household's final Rule 12(b)(6) onslaught targets AC Count IV, which plaintiffs have captioned "Harassment." Apparently acknowledging Household's assertion of the inability to find any case that recognizes such a cause of action under Illinois law, plaintiffs' Mem. [5] has changed the label of its Count IV claim to one that charges "intrusion into seclusion." Both sides' counsel agree that the standards for such a claim are set forth in Johnson v. Kmart Corp., 311 Ill.Ap.3d 573, 723 (N.E.2d 192 (1st Dist. 2000), but they differ as to whether the AC's allegations meet those standards. Although this Court will presently let Count IV stand as a pleading because of the generous Hishon test, plaintiffs are put on notice that they will be held to provide appropriate proof of the Johnson elements that the asserted intrusion must be "offensive or objectionable to a reasonable person" and must "cause[ ] anguish and suffering."

## Conclusion

As stated at length in this opinion, AC Count II and III are dismissed, albeit with leave to replead, although AC Count IV does not now succumb in Rule 12(b)(6) terms. Household will not be required to answer Count IV until it is seen whether plaintiffs can successfully reassert the Count II and III defamation claims, at which point a responsive pleading will be

6

required within 21 days after the delivery of a copy of the newly advanced defamation claims to Household's counsel.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Dated:    December 27, 2004

C:\WPTEXT\Morris-04C4165.wpd